# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **708-710 MARKET ST, LLC** : | | |
|    **Plaintiff** : | | **CIVIL ACTION - LAW** |
| : | | |
| **v.** : | | |
| : | | **JURY TRIAL DEMANDED** |
| **BOROUGH OF BERWICK and** | | |
| **NICOLL OLIVER** : | | |
|    **Defendants** : | | **NO.:** 4:25-CV-597 |

## COMPLAINT

AND NOW comes the Plaintiff, 708-710 Market Street, LLC, by and through its undersigned counsel, Donald G. Karpowich, Attorney-at-Law, P.C., and files the following Complaint, and in support thereof alleges the following:

## PARTIES

1. Plaintiff, 708-710 Market St, LLC (the "Plaintiff" or "LLC"), is a Pennsylvania limited liability company with an address located at 708-710 Market Street, Berwick, Columbia County, PA 18603.

2. Defendant, Borough of Berwick (the "Borough"), is a political subdivision of the Commonwealth of Pennsylvania, organized and existing in accordance with the laws of Pennsylvania with a designation as a Borough. The Borough's principal office is located at 1800 N. Market Street, Berwick, PA 18603. The Borough, as a municipal entity, is capable of being sued under 42 U.S.C. § 1983, and is subject to the jurisdiction of this Court.

3. Defendant, Nicoll Oliver, was at all relevant times an employee of the Borough as its Building Code Official and is an adult individual having her principal place of business located at 1800 N. Market Street, Berwick, PA 18603 (the "Code Official"). Suit is brought against Nicoll Oliver in her official and individual capacity.

## JURISDICTION AND VENUE

4. This action arises under the Constitution and Laws of the United States, including 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Venue herein is proper in this district pursuant to 28 U.S.C. § 1391(b). All of the acts complained on herein occurred within this judicial district.

6. At all times relevant hereto, the Borough acted under the color of state law.

## FACTS

7. Plaintiff, 708-710 Market St, LLC, is the owner of real estate located at 708-710 Market Street, Berwick, Columbia County, Pennsylvania, 18603 (the "Property").

8. James Daubert ("Daubert") is the managing member of the LLC.

9. The LLC has owned the Property since April 2024.

10. There is one residential building on the Property that contains two residential dwelling units.

11. Prior to April 2024 and at all relevant times hereto, Daubert resided at the property in one unit and his family members resided in the other unit.

12. On or about February 6, 2023, the Borough enacted Ordinance No. 2023-02 whereby the Borough adopted the 2018 edition of the International Property Maintenance Code (the "IPMC") with certain amendments set forth therein. A copy of Ordinance No. 2023-02 is attached hereto as Exhibit "A".

13. On or about July 1, 2024, the Borough enacted Ordinance No. 2024-05 whereby the Borough amended in part Section 108.4.1 of the IPMC such that "[t]he code official shall remove the condemnation placard only when it has been satisfactorily demonstrated to the code official and/or his or her designee that the condemned property is free of any defect of defects for which condemnation is permitted under the terms of this code. A copy of Ordinance No. 2024-05 is attached hereto as Exhibit "B".

14. On or about October 22, 2024, the Code Official issued a Notice of Violation letter to the LLC and the occupants of the Property alleging several violations of the IMPC due to the alleged: a) presence of garbage and rubbish around the Property; b) disrepair of the roof; c) disrepair of the gutters; and d) over occupancy exceeding the allowed capacity. Said letter demanded that the alleged

violations be addressed and the Property be brought into compliance on or before Friday, November 22, 2024.  Said letter advised that failure to comply would result in the Property "being declared unfit for human habitation and subsequently condemned". A copy of the Notice of Violation dated October 22, 2024 is attached hereto as Exhibit "C".

    15.    The Notice of Violation dated October 22, 2024 purports to have been sent to the LLC and occupants via certified mail.

    16.    Upon information and belief, the Notice of Violation dated October 22, 2024 was not received by the occupants of the Property until on or about November 1, 2024.

    17.    Upon information and belief, the Notice of Violation dated October 22, 2024 was not posted on the until on or about November 1, 2024.

    18.    Between October 22, 2024 and November 22, 2024, the following remediation actions were completed by the LLC:

    a. A portion of the roof, which was identified as defective in photos attached to the Notice of Violation dated October 22, 2024, was replaced.

    b. The gutters were removed.

    c. The yard was organized since there was no garbage or rubbish, as those terms are defined by the IPMC, on the exterior of the Property.

      d. The LLC reviewed the occupancy of the units to confirm that there was no over occupancy.

19. On November 22, 2024 at approximately 3:30 PM, Nicoll Oliver, Greg Harkens – also a Code Official for the Borough – and two (2) Borough police officers appeared at the Property and advised the occupants that the building was condemned, not suitable for human habitation and ordered to vacate the premises on or before 5:00 PM.

20. On November 22, 2024, Daubert informed the Borough officials that the issues raised in Notice of Violation dated October 22, 2024 had been addressed. The Borough Officials did not agree and the occupants of the Property were forced to leave and secure alternative living arrangements.

21. On November 22, 2024, the Code Official placed condemnation placards on the Property.

22. On or about December 13, 2024, the Code Official issued a Notice of Violation letter to the LLC and the occupants of the Property alleging the same four (4) violations of the 2018 International Property Maintenance Code due to the alleged continued: a) presence of garbage and rubbish around the Property; b) disrepair of the roof; c) disrepair of the gutters; and d) over occupancy exceeding the allowed capacity. Said letter provided no timeframe for compliance. Said letter advised that if the LLC disagreed with the determination that the roof must be

replaced, then it was required to submit a written report from a licensed structural engineer to the Borough and that failure to do so would result in "continued condemnation of the property. . ." A copy of the 1st Notice of Violation dated December 13, 2024 is attached hereto as Exhibit "D".

23. On or about December 13, 2024, the Code Official issued a second Notice of Violation letter to the LLC and the occupants of the Property alleging violations of the IMPC due to the alleged shut off of natural gas utility to the Property, which allegedly caused the primary heat source and hot water to be inoperable at the Property. A copy of the 2d Notice of Violation dated December 13, 2024 is attached hereto as Exhibit "E".

24. On or about December 13, 2024, Plaintiff, through counsel, informed the Code Official that the primary source of heat at the Property was electric baseboard heaters in both units, which did not require natural gas.

25. The Property has electric hot water heaters for both units.

26. On or about December 16, 2024, the LLC had the flow of natural gas restored at the Property.

27. On December 16, 2024, at the request of Plaintiff, Dennis R. Peters, P.E. and UCC Building Code Official and Inspector, Certification No. 003655 ("Peters"), inspected the roof repairs completed at the Property.

28. On December 18, 2024, Peters authored a report of inspection concluding that the newly installed metal roofing was acceptable to repair the deteriorated section of roof at the Property. A copy of Peters Limited Structural Inspection and Assessment is attached hereto as Exhibit "F".

29. Plaintiffs have completed all repairs of the alleged violations set forth in the notices of violations identified herein, including: 1) Yard cleanup to ensure there is no rubbish and garbage on the Property; 2) repair of the deteriorated section of the roof and satisfactory inspection by a licensed engineer; 3) removal of the gutters; and 4) restore flow of natural gas to the Property.

30. The Borough did not conduct an interior inspection of the Property.

**COUNT I – DEPRIVATION OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS AFFORDED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, UNDER 42 U.S.C. §1983**

31. Plaintiffs incorporate by reference the allegations in the preceding paragraphs as though set forth at length herein.

32. Defendants acted in an arbitrary, capricious and irrational manner in entering the Property, ordering evacuation of the of the building and condemning the Property in that:

    a. Plaintiffs had remediated the alleged violations set forth in the Notice of Violation dated October 22, 2024 prior to evacuation and condemnation of the building.

b. The Borough and the Code Official illegally evacuated the Property during the time period provided for remediation. The Notice of Violation dated October 22, 2024 was not served until November 1, 2024 at the earliest. The Notice intended to provide the occupants with one (1) month to remediate the defects. The Borough official evacuated the Property on November 22, 2024, when there was at lest eight (8) days left in the remediation period.

c. The Borough and Code Official declared the property to be unfit for human habitation and evacuated the building, after being informed by Daubert that repairs had been made, without performing an interior inspection and without cause for such determination.

d. Plaintiffs had provided a written report of inspection from a licensed engineer to the Borough as requested by the 1st Notice of Violation dated December 13, 2024 but the Borough and Code official refused to rescind the condemnation of the Property.

e. Upon becoming aware through verbal communications with counsel that Plaintiff had made the requested repairs, the Borough issued the 2d Notice of Violation dated December 13, 2024 in order to justify its wrongful condemnation and evacuation of the Property. The 2d Notice of Violation dated December 13, 2024 provide twenty-four (24) hours

        only to restore natural gas utility, which was an unreasonable amount of time for compliance, in violation of IPMC Section 107.2.4. Further, the 2d Notice of Violation dated December 13, 2024 alleged violations without conducting any walkthrough or inspection to determine whether the Property lacked heat or hot water, which it did not.

    f.  Despite becoming aware that Plaintiffs had made the requested repairs, provided a written report from a licensed engineer that the roof was sound, and provided notice that the Property had heat and hot water, the Borough refused to rescind the order of condemnation and restore use of the Property.

33.    Plaintiff's constitutional rights have been violated in that the Property was evacuated and penalties imposed without proper notice, reason or justification.

34.    Any post-deprivation procedure provided to Plaintiff is inadequate to protect against deprivation of Plaintiff's property interests.

35.    As a result of the foregoing arbitrary, capricious and irrational actions undertaken by Defendants, Plaintiff's Property was evacuated at the discretion and will of Defendants, completely displacing all of the occupants at the Property, shutting down and ceasing Plaintiff's use of the Property, and otherwise causing substantial financial harm.

36. Defendants acted with the specific intention to deprive Plaintiff of its civil rights, together with their substantive and procedural due process rights as established by the Fourteenth Amendment to the United States Constitution.

37. The actions of Defendants, as described with respect to the arbitrary, capricious and unilateral closing of Plaintiff's Property are part of an established policy and conspiracy to force their own will, discretion and personal criteria upon Plaintiff, and individuals similarly situated to Plaintiff, without benefit of proper notice or pre-deprivation hearing, in violation of the Due Process Clause of the Fourteenth Amendment to The United States Constitution and 42 U.S.C. §1983.

38. Defendants have exhibited malicious and wanton disregard for Plaintiff's constitutional rights, in addition to the actual damages, Plaintiff is entitled to recover punitive damages from Defendants in an amount sufficient to deter them and others from undertaking such conduct in the future.

**COUNT II – UNLAWFUL SEIZURE OF PROPERTY IN VIOLATION OF RIGHTS AFFORDED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION, UNDER 42 U.S.C. §1983**

39. Plaintiffs incorporate by reference the allegations in the preceding paragraphs as though set forth at length herein.

40. The Fourth Amendment to the United States Constitution guarantees individuals the right to be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."

41. Under the Fourth Amendment, a seizure of property occurs if there is some meaningful interference with an individual's possessory interest in that property.

42. The occupants had a possessory interest in their residence at the Property. The LLC and Daubert had a possessory interest in the use of the Property.

43. The Borough and Code Official, through their reckless and wanton enforcement of the IMPC, unreasonably and meaningfully interfered with the property interests of Plaintiff by condemning and evacuating Plaintiff's occupants and depriving Plaintiff of the use of its Property in violation of the Fourth Amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, 708-710 Market St, LLC, respectfully requests that this Court enter a judgment in their favor:

(a) Ordering the Borough and Code Official to rescind the finding of condemnation of the Property and permit occupancy of the Property;

(b) Awarding compensatory damages in an amount to be determined, for the following:

1. Deprivation of use by the arbitrary closing and ceasing of operation of Plaintiff's Property;

2. Damages for future loss of use of the Property; and

3. Damages associated with the considerable financial hardship and burden and expenses suffered by Plaintiff in connection with relocating the residents.

(c) Awarding punitive damages;

(d) Awarding her attorney's fees and costs of this action pursuant to 42 U.S.C. §1988; and

(e) Granting such other relief as the Court deems necessary and appropriate.

Respectfully submitted,

*s/ Donald G. Karpowich*
Donald G. Karpowich, Esq.
PA 78176
donald@karpowichlaw.com

*s/ Nathan C. Favreau*
Nathan C. Favreau, Esquire
PA 328240
nathan@karpowichlaw.com
85 Drasher Road
Drums, PA 18222
P:(570) 788-6647
F: (570) 788-0654