IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 708-710 MARKET STREET, LLC, | : | CIVIL ACTION-LAW |
| Plaintiff, | : | |
| | : | |
| | : | |
| | : | NO.: 4:25-cv-00597-MWB |
| v. | : | |
| | : | |
| BOROUGH OF BERWICK and | : | |
| NICOLL OLIVER, | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

    The Plaintiff instituted this action on or about April 5, 2025. On or about June 12, 2025, the Defendants filed a Motion to Dismiss. On or about June 23, 2025, the Plaintiff filed an Amended Complaint. The Defendant filed a second Motion to Dismiss on or about July 15, 2025. This Brief is in Support of Defendants' Motion Dismiss the Plaintiff's Amended Complaint.

    Initially the Plaintiff pled no facts supporting any liability against the Borough of Berwick under Monell v. New York Department of Social Services, 436 U.S. 658 (1978). In the Amended Complaint the Plaintiff sets out five reasons as to why there is liability under Monell. However, the Amended Complaint is still deficient to show liability as to the Borough of Berwick.

The Plaintiff pled the following as a basis for liability to the Borough:

> At all relevant times, the Borough, acting through the Borough Council and delegated officials, implemented and enforced official municipal policies, practices, and customs, including but not limited to:
> a. Delegating to the Code Official the authority to condemn property without prior interior inspection;
> b. Authorizing condemnation and forced evacuations without affording owners or occupants meaningful pre-deprivation notice or hearing;
> c. Failing to establish constitutionally adequate procedures for appeal or review of condemnation decisions;
> d. Ratifying or acquiescing in the unlawful enforcement of the IPMC and amendments thereto without safeguarding constitutional due process; and
> e. Failing to train or supervise Code Officials in constitutionally compliant enforcement of housing and property codes.

The Plaintiff's Complaint is still deficient in regard to pleading a <u>Monell</u> liability. The Plaintiff refers to municipal policies but does not give adequate details of the alleged policy which violates the Plaintiff's civil rights. The Plaintiff must allege that "municipal policy makers knew that employees will confront a particular situation; (2) The situation involves a difficult choice or a history of employees miss handling; and (3) The wrong choice by an employee will frequently cause a deprivation of constitutional rights. <u>Carter v. City of Phila.</u>, 181 F. 3d 339,357 (3d Cir. 1999). In the case before this Honorable Court, we have nothing but bare allegations as to what the Borough employees did wrong.

Moreover, in examining the Plaintiff sub paragraphs it is clear that the allegations are untrue and misleading.

In the paragraph 40(a) the Plaintiff alleges that the Borough acted improperly because it gave the code official authority to condemn a property without prior interior inspections. However, it is clear by looking at the notices given to the Plaintiff that no interior inspections were needed. The Plaintiff was cited for having a hole in the roof. He was cited for having garbage in the yard. He was cited for other exterior problems and for having the gas heat turned off. All of those violations of the International Property Maintenance Code can be observed without an interior inspection of the property.

In sub-paragraph (b) the Plaintiff alleges that the Borough is liable because they authorized condemnation and forced evacuations without affording owners or occupants a meaningful pre-deprivation notice or hearing. However, the Defendants have attached to their Motion to Dismiss notices given to the Plaintiff as to the basis of the alleged violations, which included a notice that they had a right to a hearing.

In sub-paragraph (c) the Plaintiff again makes bald statements that the Defendants failed to establish adequate procedures for appeal or review of the condemnation decisions. However, again the Defendants have attached notices given to the Plaintiff that he provided the right to appeal all actions of the Borough

personnel to the Code Board of Appeals. The Plaintiff failed to appeal any of the actions of the Borough Code Office.

In sub-paragraph (d) the Plaintiff makes a bald statement that the Borough ratified or acquiesced in the unlawful enforcement of the International Property Maintenance Code and amendments thereto without safeguarding constitutional due process. It is submitted that this bald statement is without any facts to back it up and again it is deficient.

Finally, in Paragraph (e) the Plaintiff alleges that the Defendants failed to train or supervise code officials and constitutionally compliant enforcement of housing and property codes. However, there is no specificity as to what the Borough could or should have done.

To support municipal liability for the failure to act, a Plaintiff must demonstrate that the failure to act "reflects a deliberate or conscious choice." Estate of Roman, 914 F. 3d at 978. "'Deliberate indifference' is a stringent standard of fault," Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 410 (1997). In Connick v. Thompson it states that, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on failure-to claims, such as "the failure to train." Connick v. Thompson, 563 U.S. 51, 61 (2011). The Plaintiff must allege that "(1) municipal policymakers knew that employees will confront a particular situation; (2) the situation involves a difficult

4

choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." Carter v. City of Philadelphia, 181 F.3d 339, 357 (3d Cir. 1999). "A pattern of similar constitutional violations" is ordinarily necessary to put a municipality on notice of the consequences of its failure to act, and therefore necessary "to demonstrate deliberate indifference for purposes of failure to train." Connick v. Thompson, 563 U.S. 51, 61 (2011). In this instance, Plaintiff has failed to establish a claim of a history of Defendants mishandling or a pattern that would establish constitutional violations. Defendants provided ample opportunity for Plaintiff to comply for over a year before the property was deemed condemned and at no time did Plaintiff make an effort to appeal or obtain a hearing to reverse any of the Defendants' decision with regard to cited violations.

    Moreover, "the alleged deficiency in a training program must be closely related to the alleged constitutional injury because '[i]n virtually every instance where a person has had his or her constitutional rights violated by a city employee, the Plaintiff will be able to point to something the Borough "could have done" to prevent the unfortunate incident.'" Forrest v. Parry, 930 F.3d 93, 109 (3d Cir. 2019) (quoting City of Canton v. Harris, 489 U.S. 378, 392 (1989)). This means that "liability cannot rest only on showing that the employees 'could have been better trained or that additional training was available that would have reduced the

overall risk of continued injury." <u>Thomas v. Cumberland Cnty.</u>, 749 F.3d 217, 226 (3d Cir. 2014). Alleging "what specific training existed" and "what specific training was due" is therefore a "necessary plausibility requirement." <u>Morgan v. Centre County</u>, No. 4:23-CV-00872, 2024 U.S. Dist. LEXIS 202703.

## **CONCLUSION**

     For all the above stated reasons the Defendants respectfully request that this Honorable Court dismiss Plaintiff's Amended Complaint against the Borough of Berwick.

                                        KEPNER, KEPNER & CORBA, P.C.

                                        <u>/s/Franklin E. Kepner, Jr., Esquire</u>
                                        Franklin E. Kepner, Jr., Esquire
                                        Attorney for Defendants
                                        I.D. #26156
                                        123 West Front Street
                                        Berwick, PA 18603
                                        (570) 752-2766

                                        <u>/s/Franklin E. Kepner, III, Esquire</u>
                                        Franklin E. Kepner, III, Esquire
                                        Attorney for Defendants
                                        I.D. # 323158
                                        123 West Front Street
                                        Berwick, PA 18603
                                        (570) 752-2766